## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

_____

| | |
|---|---|
| MARK COCHRAN, | Cause No. CV-08-012-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| CORRECTIONS CORPORATION OF AMERICA, WARDEN JIM MACDONALD, ASSISTANT WARDEN SAM LAW, C/O ORVIS, C/O BILLINGS, DIRECTOR MIKE FERRITER, AND THE MONTANA DEPARTMENT OF CORRECTIONS, | |
| | **(Defendants please see D.Mont. L.R. 12.2**) |
| Defendants. | |

_____

This matter comes before the Court on Plaintiff's Complaint filed February 25, 2008.

(Document 2).

## I. STATEMENT OF THE CASE

### A.    Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 seeking recovery for alleged

violations of the Eighth Amendment to the United States Constitution.  Plaintiff alleges the Court

has jurisdiction pursuant to 28 U.S.C. § 1343(a).  The Court also has federal question jurisdiction

pursuant to 28 U.S.C. § 1331.

### B.      Parties

Plaintiff is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are:  Corrections Corporation of America (CCA); Jim MacDonald, Warden, CCA; Sam Law, Assistant Warden, CCA; C/O Orvis (first name unknown), CCA; C/O Billings (first name unknown), CCA; Mike Ferriter, Director, DOC; and the Montana Department of Corrections.

### C.      Factual Allegations

Plaintiff alleges that on February 7, 2006, Defendants Orvis and Billings failed to secure him in a seatbelt when transporting him from Shelby Regional Prison to Marias Medical Center. Plaintiff states his transport van was held up at the "sally port" while waiting for Transcore to depart.  As Transcore left, Defendant Orvis attempted to make it through the sally port gate while it was open.  The gate started to close and Defendant Orvis slammed on his brakes.  Plaintiff contends that as a result of Defendant Orvis slamming on his brakes, he was thrown forward into the screen between the front passenger seats and the rear passenger area.  Plaintiff alleges he was knocked unconscious, suffered scrapes to his knees, sustained injury to his neck and whiplash injuries.

### D.      Allegations

Based upon the facts set forth above, Plaintiff has presented three causes of action.  First, he contends Defendants' policy and/or custom of failing to insure inmates are buckled in a seatbelt prior to transportation caused his injury.  He alleges Defendants' failure to take corrective action constituted deliberate indifference to Plaintiff's Eighth Amendment rights.

Secondly, Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution.  Plaintiff contends he received a serious injury on February 7, 2006, made numerous requests for medical treatment for his neck, and Defendants refused to provide Plaintiff such medical treatment.

Finally, Plaintiff alleges Defendants failure to buckle Plaintiff up and the resulting crash into the sally port gate constituted an excessive use of force by Defendants against Plaintiff.

## II.  PRESCREENING

### A.  Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which impose a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that  . . .  (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to

state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 550 U.S. ____, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B.  Failure to Seatbelt

The Court has construed two allegations in Count One of Plaintiff's Complaint.  Plaintiff first complains about Defendants' failure to seatbelt him during a transport.  Secondly, Plaintiff alleges that Defendants' failure to take corrective action and conduct an appropriate investigation constituted deliberate indifference to Plaintiff's Eighth Amendment rights.  Neither allegation states a claim upon which relief may be granted.

An inmate bringing a claim under the Eighth Amendment to the United States Constitution for a prison's failure to prevent injury must allege that prison officials were "deliberately indifferent" to "conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Deliberate indifference is more than negligence but less than purpose or knowledge. *See Farmer*, 511 U.S. at 836.  A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 837.

Plaintiff has failed to meet this standard.  A failure to seatbelt does not, in and of itself, expose an inmate to risks of constitutional dimension.  Even if Defendants were required under state law to utilize seatbelts, that is insufficient to establish deliberate indifference.  Under Montana state law, failure to use a seatbelt is insufficient to constitute negligence.  Mont. Code Ann. § 61-13-106 ("failure to comply with 61-13-103 does not constitute negligence.").  Plaintiff's only allegation is that Defendants failed to seatbelt him during the transport.  This is insufficient to state a claim for relief under 42 U.S.C. §1983 for violation of rights guaranteed by the Eighth Amendment.  *Cf.*

*Brown v. Missouri Dept. of Corrections*, 353 F.3d 1038 (8th Cir. 2004); *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008)* (failure to seatbelt inmates coupled with reckless driving sufficient to support claim for deliberate indifference).

There is no allegation of reckless driving in this case.  Plaintiff simply alleges that Defendants attempted to make it through the sally port gate while it was open but the gate started to close and Defendant Orvis slammed on the brakes.  There is nothing in this allegation to suggest that Defendant Orvis acted with knowing disregard to an excessive risk to Plaintiff's safety when he slammed on his brakes to avoid closing the gate.  The Court finds Plaintiff's claim to be insufficient as a matter of law to state a federal claim of deliberate indifference.

Plaintiff's allegation that Defendants were deliberately indifferent to his Eighth Amendment rights by failure to take corrective action and investigate this incident similarly fails to state a claim.  Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), *citing Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991); *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Therefore, Defendants' failure to take corrective action and/or conduct an investigation into Plaintiff's complaint/grievance fails to state a claim upon which relief may be granted.

### C.  Medical Care

The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Plaintiff alleged  he suffered a serious medical injury to his neck, that he requested medical treatment from Defendant Law for that injury and he was denied medical care.  He contends  he still suffers from the injury to his neck and has a large, hard "knot" in his neck.  As such, he has set forth sufficient allegations to state a claim against Defendant Law.

The Court draws no conclusions about the truth of Plaintiff's allegation of denial of medical care or about the strength of the evidence he might offer to corroborate this claim.  The Court only finds that Plaintiff's second claim for relief has said enough to require a response from Defendant Law.

### D.  Excessive Use of Force

Plaintiff alleges Defendants failure to buckle Plaintiff up and the resulting crash into the sally port gate constituted excessive force by Defendants against Plaintiff.  Prison officials use excessive force in violation of the Eighth Amendment when they act maliciously for the purpose of causing harm whether or not significant injury is evident.  *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).  Plaintiff alleges Defendant Orvis was trying to get through

the gate before it shut and when he realized he could not make it, he slammed on the brakes causing

injury to Plaintiff.  Construing this allegation in the light most favorable to Plaintiff, it fails to state

a claim upon which relief can be granted.  There is nothing under these allegations which suggests

that Defendant Orvis was acting maliciously for the purpose of causing harm when he was forced to

slam on his brakes to avoid closing the gate.  Accordingly, this claim will be recommended for

dismissal.

### E.  State Law Claims

Plaintiff also alleged state law claims regarding Defendants' failure to seatbelt Plaintiff

during transport.  Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts

have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they form part

of the same case or controversy under Article III of the United States Constitution."  As the Court is

recommending the dismissal of Plaintiff's federal constitutional claims regarding the failure to

seatbelt, it further recommends that the Court decline to exercise supplemental jurisdiction over

Plaintiff's state law claims.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Law to waive service

of summons by executing, or having his counsel execute, the Waiver of Service of Summons.  The

Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the**

**Notice of Electronic Filing**.  If Defendant Law chooses to return the Waiver of Service of

Summons, his answer or appropriate motion will be due within 60 days after the entry date of this

Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B).[1] *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

　　　　2.  The Clerk of Court shall forward the documents listed below to:

Sara S. Berg
Browning, Kaleczyc, Berry & Hoven
139 N. Last Chance Gulch
P.O. Box 1697
Helena, MT  59624-1697

　　　　*　　this Order and Findings and Recommendation;
　　　　*　　a Notice of Lawsuit & Request to Waive Service of Summons;
　　　　*　　a Waiver of Service of Summons; and
　　　　*　　Plaintiff's Complaint (Document 2).

　　　　Counsel for Defendant Law must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

　　　　3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10,

---

　　　　[1]Defendant Law does not need to respond to any claims other than Plaintiff's denial of medical care claim as set forth in Count Two of the Complaint.

and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

5.  Plaintiff shall not make any motion for default until at least seventy (70) days after the date of this Order.

6.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further the Court issues the following:

## RECOMMENDATION

1.  Plaintiff's first claim for relief regarding the failure to seatbelt Plaintiff and failure to investigate Plaintiff's complaint/grievance should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

2.  Plaintiff's third claim for relief regarding excessive use of force should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

3.  Defendants Corrections Corporation of America (CCA); Jim MacDonald, Warden, CCA; C/O Orvis (first name unknown), CCA; C/O Billings (first name unknown), CCA; Mike Ferriter, Director, DOC; and the Montana Department of Corrections should be **DISMISSED**.

4.  The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 10th day of November, 2008.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   Sara S. Berg
      Browning, Kaleczyc, Berry & Hoven
      139 N. Last Chance Gulch
      P.O. Box 1697
      Helena, MT  59624-1697

     A lawsuit has been commenced by an incarcerated pro se plaintiff against the following parties which you may represent:  Sam Law, Assistant Warden, CCA.  A copy of the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-08-012-H-DWM-RKS.  The Court has completed its pre-screening and concludes that Defendant Law must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

     This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

     If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     If you do not wish to waive service on behalf of Defendant Law, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the Complaint personally on Defendants and may impose the full costs of such service.


                /s/ Keith Strong
                Keith Strong
                United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:     The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  Mark Cochran v. Corrections Corporation of America, et. al., Civil Action No. CV-08-012-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____; _____;

_____; _____;

_____; _____;

      The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand that judgments may be entered against the above-named defendants if an answer or motion under Fed. R. Civ. P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;


_____          _____
DATE                                                            SIGNATURE

                                                 _____
                                               PRINTED/TYPED NAME

                                               _____

                                               ADDRESS