IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MARK COCHRAN, | ) | CV 08-12-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) | |
| Defendants. | ) | |

Plaintiff Cochran has filed a Complaint under 42 U.S.C. § 1983 alleging Eighth Amendment violations and state law claims arising from injuries he sustained when prison officials allegedly failed to secure him in a seatbelt during transport to a medical facility.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a

-1-

preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Plaintiff's claims for deliberate indifference, failure to take corrective action, and use of excessive force. Judge Strong also recommends that the Court decline supplemental jurisdiction over the Plaintiff's state law claims. Judge Strong explained that the failure to use a seatbelt does not by itself constitute deliberate indifference. Construing the Complaint most favorably toward the Plaintiff, he found no allegation that officials intended to use excessive force against the Plaintiff.

Plaintiff Cochran did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's first claim for relief regarding the failure to

seatbelt Plaintiff and failure to investigate Plaintiff's complaint/grievance is DISMISSED WITH PREJUDICE for failure to state a claim.

2.  Plaintiff's third claim for relief regarding excessive use of force is DISMISSED WITH PREJUDICE for failure to state a claim.

3.  The claims against Defendants Corrections Corporation of America, Jim MacDonald, C/O Orvis, C/O Billings, and Mike Ferriter are DISMISSED.

4.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

DATED this 4th day of December, 2008.

_____
Donald W. Molloy, District Judge
United States District Court